ANNA E. PEARCE *vs.* INDUSTRIAL TRUST COMPANY, *Adm'r. c. t. a.*

MAY 2, 1944.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

118

**Moss, J.** This proceeding is an appeal, by a claimant against the estate of a decedent, from a decree of a probate court. That decree vacated, on the petition of the administrator *c. t. a.*, the appointment and acts of Lee A. Worrell as commissioner appointed, under general laws 1938, chapter 578, §8, to examine and determine disallowed claims against the estate, which had been represented by the administrator as being solvent. The appeal was heard by a justice of the superior court, sitting without a jury, and the case is now before us on the claimant's exception to the decision of the trial justice denying and dismissing that appeal.

The following facts were proved in the superior court by uncontroverted evidence. The testatrix, Eleanor B. Pearce, died June 30, 1941. After her will had been admitted to probate and the appellee had been appointed as administrator of her estate, with the will annexed, it qualified as such on August 13, 1941; and two days later the first advertisement of its qualification was published. The only claims against the estate were filed in September and October 1941, being one for $4, one for $50, and that of the appellant for $1795.78. Her claim only was disallowed by the appellee, the disallowance being filed October 17, 1941, when the appellee also represented the estate as solvent and filed a request that a commissioner or commissioners be appointed to determine the validity of that claim. November 25, 1941 the above-named commissioner was appointed; and De-

cember 9, 1941 an inventory was filed by the appellee, showing assets of $1322.76.

The matter of the claim was heard before the commissioner; and September 24, 1942 he filed his report, in which the claim was allowed for the amount of $1705.57. October 15, 1942 the appellee filed a petition stating that it then appeared, "as a result of the report of the commissioner", that the estate was insolvent. The appellee, in its petition, also stated, correctly, that the report of the commissioner had not been confirmed and it prayed that his appointment and acts be vacated under G. L. 1938, chap. 578, §12. By decree of December 4, 1942 the petition was granted by the probate court and the appointment and acts of the commissioner were vacated. This is the decree first above mentioned, from which the appellant appealed to the superior court. No claim had been filed after the ones above mentioned.

Sections 8, 12 and 13 of G. L. 1938, chap. 578 read as follows:

"8. If the estate is solvent, the executor or administrator may, within 10 days after disallowance of a claim, file a request that claims disallowed be proved before commissioners. The court may thereupon appoint 1 or 3 commissioners, who shall examine and determine said claims. All claims disallowed shall be heard and decided by the commissioners, and no suit shall be brought upon any such claim."

"12. If commissioners are appointed on an estate as solvent, and it shall thereafter appear, before their report is confirmed, that the estate is probably insolvent, the probate court shall, upon application filed therefor by the executor or administrator, vacate the appointment and acts of the commissioners; but the commissioners shall receive from the estate a suitable compensation, to be fixed by the probate court."

"13. An executor or administrator at any time during administration may represent the estate insolvent to the

probate court, and apply for the appointment of commissioners to examine and determine claims. If the probate court finds the estate is probably insolvent, and there are claims which have been disallowed, it shall appoint 1 or 3 commissioners."

The question of what were the rights of the parties when the estate was represented by the administrator as solvent and a commissioner was, upon such representation, appointed by the probate court under §8, *supra,* is not before us for decision in this case. So far as appears, there was no opposition to such appointment.

The sole question here presented is whether, when the estate later, after the commissioner's report was filed but before it was confirmed by the probate court, appeared to be probably insolvent, the administrator had the right to represent the estate as probably insolvent and to file a petition, under §12, *supra,* that the appointment and acts of the commissioner be vacated, as a preliminary to the filing of an application in accordance with §13, *supra.*

We are of the opinion that, under the circumstances and because of the plain language of §12, the administrator had that right and the probate court properly granted the petition; and that the appellant's exception to the decision of the trial justice of the superior court denying and dismissing the appeal from the decree of the probate court should therefore be overruled.

The appellant's exception is overruled, and the case is remitted to the superior court for the entry of a decree affirming the decree of the probate court appealed from.

*Henry M. Boss,* for appellant.

*Hinckley, Allen, Tillinghast & Wheeler,* for appellee.